COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-03-508-CR


DAVID LLOYD LEBLANC                                                         APPELLANT
A/K/A DAVID LOYD LEBLANC

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION [1]

------------
Introduction
        A jury convicted Appellant David Lloyd LeBlanc of felony driving while
intoxicated. The trial court sentenced him to twenty years in prison. In two
points, Appellant argues that the evidence was factually insufficient to support
the verdict and that he received ineffective assistance from counsel at trial. We
affirm.
Discussion
I.
        In his first point, Appellant argues that the evidence was factually
insufficient to support the verdict. We disagree.
        When reviewing the factual sufficiency of the evidence to support a
conviction, we are to view all the evidence in a neutral light, favoring neither
party. See Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004). 
The only question to be answered in a factual sufficiency review is whether,
considering the evidence in a neutral light, the fact finder was rationally justified
in finding guilt beyond a reasonable doubt. Id. at 484. There are two ways
evidence may be factually insufficient: (1) the evidence supporting the verdict
or judgment, considered by itself, is too weak to support the finding of guilt
beyond a reasonable doubt; or (2) when there is evidence both supporting and
contradicting the verdict or judgment, weighing all of the evidence, the contrary
evidence is so strong that guilt cannot be proven beyond a reasonable doubt. 
Id. at 484-85. “This standard acknowledges that evidence of guilt can
‘preponderate’ in favor of conviction but still be insufficient to prove the
elements of the crime beyond a reasonable doubt.” Id. at 485. In other words,
evidence supporting a guilty finding can outweigh the contrary proof but still be
insufficient to prove the elements of an offense beyond a reasonable doubt. Id. 
        In performing a factual sufficiency review, we are to give deference to the
fact finder’s determinations, including determinations involving the credibility
and demeanor of witnesses. Id. at 481; Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997). We may not substitute our judgment for that of the
fact finder’s. Zuniga, 144 S.W.3d at 482. 
        A proper factual sufficiency review requires an examination of all the
evidence. Id. at 484, 486-87. An opinion addressing factual sufficiency must
include a discussion of the most important and relevant evidence that supports
the appellant’s complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).
        A person commits the offense of driving while intoxicated if he operates
a vehicle while intoxicated in a public place. Tex. Penal Code Ann. § 49.04
(Vernon 2003). “Intoxicated” is defined as 
(A) not having the normal use of mental or physical faculties by
reason of the introduction of alcohol, a controlled substance, a
drug, a dangerous drug, a combination of two or more of those
substances, or any other substance into the body; or 

(B) having an alcohol concentration of 0.08 or more. 

Id. § 49.01(2)(A)-(B). A witness does not have to be an expert to testify that
a person he observes is intoxicated by alcohol; therefore, lay opinion testimony
by a police officer that a person is intoxicated is probative evidence that a
person was “drunk.” Henderson v. State, 29 S.W.3d 616, 622 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d).
        The following evidence was presented at trial. Officer Alan Hicks
observed a vehicle traveling at sixty-one miles per hour in a forty-five miles-per-hour zone of a public highway in Hood County. He initiated a traffic stop. 
Appellant was the sole occupant of the vehicle. Officer Hicks testified that
Appellant’s eyes were red and glassy, his speech was slowed and slurred, and
his breath smelled of alcohol. Officer Hicks asked Appellant to perform the
usual field sobriety tests. Appellant exhibited six out of six possible “clues” of
intoxication on the horizontal gaze nystagmus test, failed the walk-and-turn
test, and did not lift his foot six inches off the ground as instructed on the one-legged-stand test. Officer Hicks arrested Appellant for driving while intoxicated
and transported Appellant to the county jail. At the jail, Appellant refused to
provide a breath sample for analysis. 
        Sergeant Jesse Davis, who assisted with Appellant’s arrest, testified that
Appellant’s speech was slurred and a strong odor of alcohol emanated from the
vehicle. Sergeant Davis, who had seventeen years’ experience in law
enforcement, testified that, in his opinion, Appellant was intoxicated. 
        The State showed the jury videotape recordings of Appellant’s field
sobriety test, arrest, booking, and refusal to provide a breath sample. The
State also introduced a stipulation signed by Appellant in which he admitted to
two prior convictions for driving while intoxicated. [2] 
        Appellant cross-examined the police officers but offered no evidence and
did not testify.
        We hold that the evidence was factually sufficient for a jury to be
rationally justified in finding beyond a reasonable doubt that Appellant operated
a motor vehicle in a public place when he did not have the normal use of his
mental or physical faculties by reason of the introduction of alcohol to his body. 
We overrule Appellant’s first point.
II.
        In his second point, Appellant contends that his trial counsel rendered
ineffective assistance.
        We apply a two-pronged test to ineffective assistance of counsel claims. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984);
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First,
appellant must show that counsel’s performance was deficient, which requires
showing that counsel made such serious errors that he or she was not
functioning as the “counsel” guaranteed by the Sixth Amendment. Strickland,
466 U.S. at 687, 104 S. Ct. at 2064. Counsel’s performance is only deficient
if it fell below an objective standard of reasonableness measured by prevailing
professional norms. Id. at 688-89, 104 S. Ct. at 2065. The record must be
sufficiently developed to overcome a strong presumption that counsel provided
reasonable assistance. Bone v. State, 77 S.W.3d 828, 833 & n.13 (Tex. Crim.
App. 2002); Thompson, 9 S.W.3d at 813-14. Our scrutiny of counsel’s
performance must be highly deferential, making every effort to eliminate the
distorting effects of hindsight. Strickland, 466 U.S. at 689, 104 S. Ct. at
2065.
        Second, appellant must show that counsel’s deficient performance
prejudiced the defense; this requires showing that counsel’s errors were so
serious as to deprive the defendant of a fair trial. Id. at 687, 104 S. Ct. at
2064. Appellant must show that there is a reasonable probability that, if not
for counsel’s unprofessional errors, the result of the proceeding would have
been different. Id. at 694, 104 S. Ct. at 2068.
        A claim for ineffective assistance of counsel must be firmly grounded in,
and affirmatively supported by, the record. Thompson, 9 S.W.3d at 814;
Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1988). When the
record is silent as to possible trial strategies employed by defense counsel, we
will not speculate on the reasons for those strategies. See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994).
        There is a substantial risk of failure when a claim of ineffective assistance
of counsel is brought on direct appeal. Thompson, 9 S.W.3d at 813. “Under
normal circumstances, the record on direct appeal will not be sufficient to show
that counsel’s representation was so deficient and so lacking in tactical or
strategic decisionmaking as to overcome the presumption that counsel’s
conduct was reasonable and professional.” Bone, 77 S.W.3d at 833.
        Appellant complains that trial counsel “failed to adequately inform his
client of the evidence against him,” causing Appellant to plead not guilty
without understanding the consequences of his plea. Appellant points to the
following colloquy, which occurred immediately before voir dire, as proof:
THE COURT: . . . Mr. LeBlanc, your attorney has informed me
that you have something you want to say to me?
 
DEFENDANT: I’m just not ready for this. I don’t know what’s
going on, and I haven’t seen any evidence against me or heard
anything in this case. I haven’t slept for about a week. I wasn’t
notified of this happening.
 
THE COURT: [Defense counsel], is the Defendant ready for trial or
not ready for trial?
 
[DEFENSE COUNSEL]: As his lawyer, yes, sir, I’m ready. I’ve
reviewed the State’s file, watched the video and talked to the
witnesses, and I’m ready. 

        This case demonstrates the “inadequacies inherent in evaluating
ineffective assistance claims on direct appeal.” Patterson v. State, 46 S.W.3d
294, 306 (Tex. App.—Fort Worth 2001, no pet.). Appellant did not file a
motion for new trial to afford the trial court the opportunity to hold a hearing
and inquire into the reasons for trial counsel’s acts or omissions. Consequently,
we cannot determine whether counsel’s actions were grounded in sound trial
strategy because the record is silent as to possible trial strategies, and we will
not speculate on the reasons for those strategies. See Jackson, 877 S.W.2d
at 771; Patterson, 46 S.W.3d at 306. The record is also silent as to what
communications occurred between trial counsel and his client. See Strickland,
466 U.S. at 691, 104 S. Ct. at 2066 (noting that inquiry into counsel’s
conversations with defendant may be critical to proper assessment of counsel’s
litigation decisions because counsel’s actions are usually based on informed
strategic choices made by defendant and on information supplied by defendant). 
Therefore, Appellant’s ineffective assistance claims are better raised through
an application for a writ of habeas corpus. Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon 2005); see Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim.
App. 2003) (“[T]he record on direct appeal will generally ‘not be sufficient to
show that counsel’s representation was so deficient as to meet the first part of
the Strickland standard’ as ‘[t]he reasonableness of counsel’s choices often
involves facts that do not appear in the appellate record.’”); see also Bone, 77
S.W.3d at 837, n.30 (“This resolution in no way affects appellant's entitlement
to re-urge this or other appropriate constitutional complaints on a writ of habeas
corpus.”). We overrule Appellant’s second point.
Conclusion
        Having overruled both of Appellant’s points, we affirm the judgment of
the trial court.


                                                          ANNE GARDNER
                                                          JUSTICE
 
PANEL F:   DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 31, 2005
 
NOTES
1. See Tex. R. App. P. 47.4.
2. The indictment alleged five prior DWI convictions. In exchange for the
stipulation, the State agreed not to read the other three prior DWI convictions
to the jury.